

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable K. H. Dally
County Attorney
Hutchinson County
Borger, Texas

Dear Sir:

> Opinion Number O-4811
> Re: Whether school district
> may purchase part of bonds
> of former issue as invest-
> ment of sinking fund of
> subsequent issue.

We have received your letter of recent date which we quote, in part, as follows:

"The Trustees of Borger Independent School District have instructed me to write you for your opinion on the following question: 'Can Borger Independent School District purchase some of its 1937 Refunding Bonds and hold them as investment assets of its 1941 Refunding Bonds?'

"Borger Independent School District refunded all of its bonds in 1937 to secure a better rate in interest on a graduated scale. Then, in 1941, these same bonds, less principal retired, were again refunded to secure a better rate of interest on a fixed scale and serial retirement. In the 1941 refunding, $27,000 failed to come in, and the interest rate on these bonds raises to 4% on June 15, 1942, and to 5% on June 15, 1946. Our local depository does not pay any interest on daily balances, and in order to save interest, the Trustees would like to call in some of the 1937 Refunding Bonds which are callable any time.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable K. H. Dally, page #2

"The refunding agreement with 1941 refunding agents (R. A. Underwood & Co.) provides that one year's requirement shall be on hand before surplus may be used to call 1941 bonds over and beyond the requirement as stipulated in the bonds."

While it has been held that a municipality may purchase part of its own bonds of one issue as an investment of the sinking fund of another issue, yet if bonds, the same issue for which the sinking fund was created, are purchased with moneys from such sinking fund, such purchase acts as a cancellation or redemption of the bonds. See Elser v. City of Fort Worth (Writ of error refused), 27 S. W. 739.

We are of the opinion that the purchase of the 1937 bonds would fall in the latter class. In other words, the 1941 issue purports to refund the 1937 issue. When the 1941 refunding bonds were issued in lieu of the 1937 bonds which were taken in (Art. 2789, Vernon's Annotated Civil Statutes), such 1937 bonds were cancelled. However, "bonds issued to refund outstanding bonds do not create a new indebtedness." Dallas County v. Lockhart, 96 S. W. (2d) 60. It is our opinion that the purchase of bonds of a former issue with moneys of the sinking fund of a subsequent issue refunding the former issue acts as a cancellation or redemption of the bonds of the former issue.

You state that the 1937 bonds are callable at any time. We call your attention to the decision of the Supreme Court in Dallas County v. Lockhart, supra. In that case a writ of mandamus was granted to compel the State Treasurer to permit the redemption of certain optional bonds held by him by the issuance of refunding bonds. In other words, the bonds could be redeemed either by payment or by the issuance of refunding bonds.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

APPROVED SEP 9, 1942

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

GWS-s

APPROVED
OPINION
COMMITTEE
BY _____ CHAIRMAN